18079

Fannybell D. ALLEN, Appellant, v. GEORGIA INDUSTRIAL
REALTY COMPANY, Respondent
(131 S. E. (2d) 419)

*Messrs. Wofford & Snyder* and *George F. Townes,* of Greenville, *for Appellant,*

*Messrs. Rainey, Fant & Horton,* of Greenville, and *Frank G. Tompkins, Jr.,* of Columbia, *for Respondent,*

June 7, 1963.

BRAILSFORD, Justice.

Plaintiff appeals from the refusal of the Circuit Court to award her judgment for the possession of a strip of land occupied by an underground water line across a fifty-two and one-half (52½) acre tract of land, which she purchased in 1955 from an adjudicated incompetent.

The defendant installed this private 12 inch water line in 1948, within the right of way of a state highway, at a cost of $58,000.00. It extends 8100 feet from a point at Paris, South Carolina, to property of the Furman University Foundation, across plaintiff's property for 1450 feet of this distance. The Foundation property, which the water line serves, has been developed at a cost of about $1,750,000.00 and is leased to Winn-Dixie Stores, Inc. for $90,000.00 per annum. Defendant's water line is the only source of water available.

The defendant acted in good faith and with the approval and consent of the South Carolina Highway Department in installing the water line. Neither plaintiff's predecessor in title, his committee nor any other abutting landowner raised any objection to the installation of the line or to its use since 1948. The committee knew that the line was being installed, but did not object because he did not consider that it caused any detriment to the value, use or enjoyment of his ward's property.

Most of the foregoing summary has been taken from the agreed statement.

Upon acquiring title to the property in 1955, plaintiff either requested or demanded a connection with the water line. As stated by her counsel in oral argument, it was only after extensive negotiations between the parties on this subject had failed that this action was brought. The ostensible purpose of the action is to require the removal of the water line from plaintiff's property, either by a legal judgment for possession, as contended by plaintiff, or by an equitable injunction, as contended by respondent. Whatever the nature of the action, it would be naive not to recognize that its real purpose is to gain an adjudication which will virtually force defendant to grant plaintiff a connection with the water line. She thus claims a valuable right by virtue of her purchase of an incompetent's property which was not disclosed when the court's approval of the sale was obtained.

Upon the filing of defendant's answer, the action was referred by consent to Honorable E. Inman, Master in Equity for Greenville County, and was heard by him on the pleadings, a stipulation of the parties and oral testimony.

The Master recommended that plaintiff be denied all relief, finding:

1. The action is in equity for a mandatory injunction, which should be denied under the equitable doctrine of balance of convenience.

2. Plaintiff has offered no testimony of probative value on which a judgment for damages or rent could be based.

3. Although plaintiff is owner of the fee, she cannot maintain a possessory action because she has no actual possession of the public easement and could not be put into possession of it by a judgment at law for possession.

4. By purchasing the land with full knowledge of the existence of the water line and of the acquiescence of her predecessor's committee in its installation and use, plaintiff has, in effect, "ratified and affirmed the conduct of the com-

mittee as her own"; and is "estopped and precluded from asserting her superior title against the defendant as to that portion of the right-of-way occupied by the water line."

Upon appeal to the Circuit Court, all of the findings and conclusions of the Master were affirmed and adopted.

In order to prevail on this appeal, plaintiff must obtain a reversal of the fourth finding, as listed above.

Estoppel is a complete defense whether the action be regarded as one for the possession of land or as one for a mandatory injunction. Any error in the other findings is immaterial unless this finding has been effectively assailed.

Plaintiff's brief on appeal is preceded by a statement of the questions involved, as follows:

"1. Does the complaint allege a cause of action at law for ejectment?

"II. Can the owner of soil subject to a right-of-way easement recover in ejectment, subject to the easement?

"III. Is the purchaser from a person *non compos mentis* entitled to the protection of the statute of limitations where its operation has been suspended during the period of incompetency?

"IV. Is the doctrine of balance of convenience applicable to this case?"

Whether there was error in the court's conclusion that the defense of estoppel has been established by the evidence is not set forth as a question involved, nor is it suggested by any of the questions. Therefore, under Rule 8, Section 2, the appellant has no right to insist that we review this finding, without which the other questions involved on the appeal become moot. The concurrent findings below, on which the equitable doctrine of balance of convenience was invoked, establish that a judgment for plaintiff would be of little, if any, value to her (except as an instrument of coercion), but would be of great detriment

to the defendant. Concurring in this view of the evidence, we are not disposed to waive compliance with the Rule.

Appeal dismissed.

TAYLOR, C. J., and Moss, LEWIS and BUSSEY, JJ., concur.